(No. 74-CV-14—

EVERETT W. BRADFORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1975.*
*Amended opinion filed January 27, 1975.*

EVERETT W. BRADFORD, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated battery on December 11, 1973, at 309 South Horace Avenue, Rockford, Illinois. Everett W. Bradford, age 52, of 2516 Highcrest Road, Rockford, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Com-

pensation Act" (hereafter referred to as the "Act") Ill. Rev. Stat., 1973, Ch. 70. Sec. 71 et. seq.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under *Ill. Rev. Stat., 1973, Ch. 70, Sec. 72*, to wit:

"Aggravated Battery, *Ill. Rev. Stat., 1973, Ch. 38 Sec. 12-4*"

2. That said crime occurred at approximately 5:30 p.m. on December 11, 1973, at 309 South Horace Avenue, Rockford, Illinois, at which time claimant suffered a gunshot wound to the head.

3. That said crime was reported to the Rockford Police Department, Rockford, Illinois, promptly and claimant has cooperated fully with law enforcement officials. That the assailant or assailants have not been identified and that the investigation is ongoing by the Rockford Police.

4. That there was no evidence that claimant was a relative or member of the same household of the assailant.

5. That the injury to claimant was not attributable either to his wrongful act or substantial provocation on his part.

6. That claimant has incurred expenses in excess of $200 compensable by Sec. 74 of the Act, to wit:

A.  Hospital Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,281.70
B.  Doctor Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,634.70

   TOTAL MEDICAL EXPENSES . . . . . . . . . . . . . . . $4,916.40

7.  That, as the result of his injuries claimant was unable to work from December 11, 1973, to December 11, 1974, and continues to be unable to work as of the date of this opinion. Claimant has sustained an actual net loss of earnings for this period of 12 months in the amount of $7,800. The maximum compensation for loss of earnings in one year, pursuant to Sec. 4 of the Act, is $6,000.

COMPENSABLE LOST WAGES . . . . . . . . . . . . . . . . . . . . . . $6,000.00
TOTAL EXPENSES AND LOST WAGES
  TO THIS DATE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,916.40

8.  That claimant's future loss of wages, although undetermined at this time, need not be considered in this award since the claimant has established that the total amount of his pecuniary loss already exceeds the maximum amount payable to a claimant under the Act.

9.  That there is no evidence that claimant has received any compensation from Workman's Compensation, local state or federal funds or insurance of any kind.

10.  Pursuant to Par. 77 (d) of the Act, the Court must deduct the first $200 of expenses.

           −$  200.00

           $10,716.40

11.  A detailed summary of the facts and information by the Court is contained in an investigative report

prepared by the Attorney General. A copy of said report remains in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

12. That the proof submitted in support of this claim satisfies all the requirements of this Act, and the claim is therefore compensable thereunder for the maximum award allowed by the Act.

IT IS HEREBY ORDERED that the sum of $10,000.00 (TEN THOUSAND DOLLARS AND NO CENTS) be awarded Everett W. Bradford, as an innocent victim of a violent crime.

## AMENDED OPINION
## and
## SUPPLEMENTARY ORDER

This court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$10,000.00. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the court on its own motion orders herewith an immediate partial payment to the limit which this court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $9,000.01 be referred forthwith to the General Assembly for its approval.